UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:11-CR-476 TLN |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S EX PARTE REQUESTS FOR ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) SEEKING RECORDS FROM LOCAL LAW ENFORCEMENT AGENCIES |
| v. | |
| JASEN LYNN DU SHANE, | |
| Defendant. | |

**INTRODUCTION**

The above-titled action is before the court on defendant Du Shane's various ex parte requests for issuance of subpoenas duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. Those requests are all accompanied by defendant's request that the applications and orders in response thereto be filed under seal. Defendant Du Shane is proceeding in pro per in this criminal prosecution, with the assistance of standby legal counsel.[1]

---

[1] The court notes at the outset that as his trial date has approached, defendant Du Shane has inundated this court with ex parte requests seeking the issuance of subpoenas pursuant to Rule 17. The undersigned alone has received twenty-one such ex parte requests over the past nine calendar days. The docket also suggests that defendant DuShane has perhaps filed an equally large number of Rule 17 subpoena requests with the last two U.S. Magistrate Judges to have served as the criminal duty judge in the Sacramento Division of this court as well as with the assigned District Judge who will preside at the trial of this action. It appears that many of the subpoena requests are duplicative of one another. The sheer volume of the pro se defendant's filings have unnecessarily burdened the court and delayed the court's ruling on his requests.

1

The indictment in this action charged the defendant with: (1) possession of stolen mail in violation of 18 U.S.C. § 1708; (2) possession of more than 15 unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3); and (3) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Defendant's trial is scheduled to commence on August 26, 2012.

By his ex parte requests, dated August 12 and August 16, 2013, defendant Du Shane seeks the issuance of subpoenas for production of law enforcement personnel records revealing misconduct on the part of the officers or investigators who he apparently anticipates will testify for the prosecution at his trial. Specifically, he seeks such records from the following entities regarding the officers indicated:

1. Reno, Nevada Police Department (Officers Tyler Clark and Jason Welch);
2. Lyon County, Nevada Sheriff's Department (Deputy Jack Huizar);
3. Nevada County, California District Attorney's Office (Investigator Tom Swisher); and
4. Nevada County, California Sheriff's Department (Detective Tim Strong, Deputies Jason Mackey, Hollitz, Sam Brown, Rhiannon Grotke, Micah Arbaugh, and Robert Jacobs).

Defendant Du Shane argues that because he cannot make the showing required for issuance of the subpoenas without revealing his trial strategy, the filing of the requests ex parte and under seal is appropriate. See United States v. Tomison, 969 F. Supp. 587, 595 (E.D. Cal. 1997).

**SEALING REQUEST**

As noted, defendant Du Shane has submitted these subpoena requests ex parte and has asked that they, and any order issued in response thereto, be filed under seal. However, with respect to the subpoenas sought as described above, the court finds that there is nothing in defendant's application demonstrating good cause for the filing of these requests ex parte, let alone under seal. See United States v. Aguilar, No. CR 07-0039 SBA, 2007 WL 4219370, at *13 (N.D. Cal. Nov. 28, 2007) ( denying application for an order allowing ex parte, under seal motion for a 17(c) subpoena where no showing of good cause for permitting ex parte, under seal filings had been demonstrated.) Rather, through these requests defendant Du Shane merely seeks any

information from local law enforcement officers' personnel files which would aid him in impeaching their testimony if they appear as prosecution witnesses at his trial. It is certainly no secret to the prosecution that the defense would attempt to impeach the testimony of law enforcement officers with evidence of their prior misconduct, if it existed. Revealing such a request then can hardly be fairly characterized as revealing the defense trial strategy. Accordingly, defendant's request to proceed ex parte and under seal as to these subpoena requests will be denied.

On August 20, 2013, a hearing was held before the undersigned on the government's motion seeking an order requiring service on the government of all orders issued in response to the defendant's subpoena applications brought pursuant to Rule 17. For the reasons set forth on the record at that hearing, the government's motion was denied. See United States v. McClure, Nos. CR 08-100 WBS, CR 08-270 WBS, 2009 WL 937502, *3 (E.D. Cal. Apr. 7, 2009) (explicitly rejecting the position taken by the government here and observing that "[c]aselaw, the Advisory Committee Notes, and the text of Rule 17(c) itself indicate that the court must make an individualized, case-by-case determination as to whether the proponent of a Rule 17(c) subpoena has made a sufficient 'showing of the need for confidentiality'") (quoting United States v. Tomison, 969 F. Supp. 587, 591, n.8 (E.D. Cal. 1997)); United States v. Daniels, 95 F. Supp. 2d 1160, 1163 (D. Kan. 2000); United States v. Nachamie, 91 F. Supp. 2d 552, 561-62 (S.D.N.Y. 2000); United States v. Reyes, 162 F.R.D. 468, 471 (S.D. N.Y. 1995); 25 Moore's Federal Practice, Federal Rules of Criminal Procedure, § 617.08[3][d] at 617-32 (2013) ("[A] court has the discretion to render an ex parte decision allowing the service of a subpoena on a third party without notice to anyone."); N.D. Cal. Local Rule 17-2(a)(1) ("An ex parte motion [for a Rule 17(c) subpoena] and order thereon may be filed under seal for good cause.")

Upon announcing the ruling denying the government's motion, the court addressed the Rule 17(c) subpoena requests listed above which sought law enforcement personnel records. The court indicated that the sealing of these requests was not justified because they did not, in the court's view, meaningfully reveal the defense's trial strategy. Defendant Du Shane was asked whether he wished the court to nonetheless rule on the requests or wished to withdraw them. The

1  defendant stated on the record that he was requesting that the court consider and rule upon his

2  17(c) requests.  Below, the court will do so.

**REQUESTED SUBPOENAS FOR LAW ENFORCEMENT PERSONNEL FILES**

Under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), the government is obligated to have the personnel files of testifying federal law enforcement officers examined for exculpatory and impeaching materials and to provide any such material to the defense.  However, the government has no obligation to have reviewed materials not under its control, including personnel files of state or local law enforcement witnesses.  United States v. Vought, 69 F.3d 1498, 1501 (9th Cir. 1995); United States v. Dominguez-Villa, 954 F.2d 562, 566 (9th Cir. 1992); United States v. Colima-Monge, 962 F. Supp. 1337, 1339 (D. Or. 1997).  Nonetheless, under Brady the government is obligated, upon request, to disclose information to the defense regarding government witnesses that is exculpatory or could be used to impeach those witnesses.  See United States v. Bagley, 473 U.S. 667, 675-77 (1985); see also Giglio v. United States, 405 U.S. 150, 154 (1972).

It appears that under some circumstances the issuance of a Rule 17(c) subpoena to permit review, possibly in camera, of local and state law enforcement witness personnel files for Henthorn-type exculpatory or impeachment material is appropriate.  See Vought, 69 F.3d at 1501 ("The district court suggested that [materials in the possession of state law enforcement] might be discoverable in part under Fed. R. Crim. P. 17(c)."); United States v. Origel, No. CR 09-2688-TUC-FRZ (GEE), 2010 WL 1654134, at *1-3 (D. Az. Apr. 20, 2010) (granting Rule 17(c) subpoena request for personnel documents from state law enforcement agents involved in the federal prosecution); United States v. Conte, No. CR 04-0044 SI, 2004 WL 2988567, at *12 (N.D. Cal. Dec. 28, 2004) (same); N.D. Cal. Local Rule 17-2(e) (specifically authorizing and establishing procedure for use of Rule 17(c) subpoenas to obtain personnel and/or complaint records of state or local law enforcement officers and requiring notice to the opposing party).  However, this is not such a case.

Here, at the hearing on the government's motion seeking service on it of all 17(c) subpoena orders, Assistant United States Attorney Jared Dolan represented that the government

4

was aware of its obligations under Brady, Giglio and Bagley.  He also represented to the court that in keeping with his office's policy, inquiry would be made as to each local or state law enforcement officer who would be called to testify at defendant Du Shane's trial to determine if any such exculpatory or impeaching material was present in their personnel files and if so, such material would be produced to the defense.  That representation by the trial prosecutor obviates any need for the last-minute issuance of the requested Rule 17(c) subpoenas or for review, in camera or otherwise, of law enforcement personnel files.  This is particularly true in light of the lack of a specific factual basis for the defendant's request in this case.  Specifically, plaintiff has pointed to nothing suggesting that exculpatory or impeaching materials is likely to exist in the requested personnel records or even that each of the individual officers to whom he refers will be called as witnesses by the prosecution at his trial.

Accordingly, defendant's requests for the issuance of Rule 17(c) subpoenas for information from the personnel files of state and local law enforcement officers involved in the investigation which resulted in these charges being brought against him are denied.

## **CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's Request for an Order Authorizing a Rule 17(c) Subpoena Duces Tecum on the Reno, Nevada Police Department for records relating to Officers Tyler Clark and Jason Welch is denied;

2. Defendant's Request for an Order Authorizing a Rule 17(c) Subpoena Duces Tecum on the Lyon County, Nevada Sheriff's Department for records relating to Deputy Jack Huizar is denied;

3. Defendant's Request for an Order Authorizing a Rule 17(c) Subpoena Duces Tecum on the Nevada County, California District Attorney's Office for records relating to Investigator Tom Swisher is denied;

4. Defendant's Request for an Order Authorizing a Rule 17(c) Subpoena Duces Tecum on the Nevada County, California Sheriff's Department for records relating to Detective Tim Strong, Deputies Jason Mackey, Hollitz, Sam Brown, Rhiannon

5

Grotke, Micah Arbaugh, and Robert Jacobs is denied;

5. Defendant's requests to proceed ex parte and under seal in connection with his requests for the issuance of Rule 17(c) subpoenas for information from the personnel files of state and local law enforcement officers is denied; and

6. The Clerk of the Court is directed to file the materials submitted to the court by defendant Du Shane in connection with these four requests for the issuance of Rule 17(c) subpoenas for information from the personnel files of state and local law enforcement officers, in the court's public file in this action.

Dated: August 22, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1.crim
DuShane.17(c).lawenforcement.doxc

6