UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JASEN LYNN DU SHANE,<br><br>  Defendant. | No. 2:11-cr-00476<br><br>**ORDER** |

Defendant Jasen Lynn Du Shane ("Defendant") has been convicted by a jury of his peers of (1) possession of stolen mail, (2) possession of more than fifteen unauthorized access devices and (3) aggravated identity theft. (ECF No. 236.) Defendant has moved this Court for a judgment of acquittal for Counts Two and Three. (ECF No. 230.) Plaintiff United States of America ("Government") opposes Defendant's motion. (ECF No. 239.) For the reasons set forth below, Defendant's motion is hereby DENIED.

A motion for judgment of acquittal is reviewed in a two-step process. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." *Id.* "Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow any rational trier of fact to find

the essential elements of the crime beyond a reasonable doubt." *Id.* (internal marks omitted).

Defendant first argues that Count Two "requires that access devices numbering fifteen or more be in possession with an intent to defraud" and that "there was no evidence [of intent]." (ECF No. 230 at 2−3.) Defendant then contends that because the Government did not show intent, Defendant's conviction for aggravated identity theft must be vacated. (ECF No. 3.)

Intent to defraud need not be proven as to each access device, rather, the question is whether the defendant had the intent to defraud in the aggregate. *United States v. Clayton*, 108 F.3d 1114, 1118 n.2 (9th Cir. 1997). Thus, the Court will consider whether the evidence presented by the Government would allow any rational trier of fact to find that Defendant had the aggregate intent to defraud. In making this determination, the Court notes that the jury was instructed that in order to find Defendant guilty of Count Two of the indictment, it must find that Defendant acted with the intent to defraud. (ECF No. 233.)

During the trial, the Government presented Exhibits 1(a), 1(b), 1(c), and 5, which established that Defendant possessed well over fifteen unauthorized access devices, in the form of credit card statements with the full account number on the statement, copies of credit cards belonging to victims G.T. and J.T., and actual credit cards belonging to a number of individuals. The Government also presented the testimony of Miranda Wentzloff, who testified that the reason Defendant was stealing the mail was because he was looking for bank or credit card statements. Her testimony was corroborated by the markings that Defendant made on personal documents of G.T. and J.T. in the binder, introduced into evidence as Government's Exhibit 5. Finally, the Government produced evidence that Defendant, in fact, acted on his demonstrated intent by using one of the stolen credit card numbers to buy a police scanner at Radio Shack where he was caught with that scanner in his possession upon his arrest.

The Court finds that one of the aforementioned acts would likely suffice as enough proof for a rational trier of fact to determine that Defendant had the aggregate intent to defraud. However, the combination of such evidence is more than adequate evidence to establish that Defendant possessed the requisite intent. As such, the Court denies Defendant's motion as to Count Two.

Defendant's argument that Count Three should be dismissed is dependent upon his argument as to Count Two−i.e. because the Government cannot prove intent to defraud, the Government cannot show aggravated identity theft. Thus, because the Court finds that Defendant's argument as to Count Two fails it is unnecessary to discuss Count Three. For the foregoing reasons, Defendant's Renewed Motion for Judgment of Acquittal for Counts Two and Three (ECF No. 230) is DENIED.

IT IS SO ORDERED.

Dated: October 2, 2013

Troy L. Nunley
United States District Judge