UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-cr-00476 TNL |
| Plaintiff, | |
| v. | **ORDER** |
| JASEN DU SHANE, | |
| Defendant. | |

Defendant Jasen Du Shane ("Defendant") has requested this Court order the return of $1,380 that was seized during a search incident to his arrest. (ECF No. 248.) Defendant asserts that the $1,380 is "the remaining portion of a $1,306.50 jackpot won on June 3, 2011," at the Atlantis Casino Resort in Reno, Nevada. (ECF No. 248 at 2.) Attached to Defendant's filing is a W-2G tax form reflecting that Manda Wentzloff ("Wentzloff ")—Dushane's codefendant in this case—won $1,306.50 from a slot machine at the Atlantis Casino Resort on June 3, 2011. (ECF No. 248 at 6.) The Court liberally construes Defendant's request as a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). Plaintiff United States of America ("Plaintiff") opposes Defendant's motion asserting that the funds are likely the proceeds from fraudulently cashed checks and further that the Nevada County Sherriff's Office has a legal interest in the funds. (ECF No. 250.) For the foregoing reasons, Defendant's motion is DENIED.

1

Rule 41(g) provides in part:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant....

Generally, a Rule 41(g) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)). "A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show 'that it has a legitimate reason to retain the property.'" *Id.* (quoting *Van Cauwenberghe*, 934 F.2d at 1061). The government may meet this burden by demonstrating "a cognizable claim of ownership or right to possession adverse to that of [the defendant]." *Id.* (quoting *United States v. Palmer*, 565 F.2d 1063, 1065 (9th Cir. 1977)).

Defendant was arrested by deputies of the Nevada County Sheriff's Office on June 5, 2011, and booked into the Nevada County Jail on suspicion of vehicle theft, burglary, possession of stolen property, criminal conspiracy, vehicle pursuit, and possession of drug paraphernalia. The funds were discovered in Defendant's pants pocked during the search incident to his arrest. (ECF No. 250-1 at 3.)

The amount in question is considered evidence from the Nevada County Sherriff's Office in connection with the recent federal trial before this Court where Defendant was convicted of: (1) possession of stolen United States Mail, in violation of 18 U.S.C. § 1708; (2) possession of more than 15 unauthorized devices, in violation of 18 U.S.C. § 1029(a)(3); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). As such, the funds were loaned to the U.S. Postal Service for use in Defendant's federal trial because it was suspected to be the proceeds of a forged check in the amount of $1800, made out to Wentzloff. (*See* ECF No. 250-1 at 9.)

In addition to Defendant's federal conviction in this Court, Defendant was prosecuted in

the Nevada County Superior Court for state crimes committed during the same period at issue in this federal case. A certified copy of Criminal Minutes obtained from the Nevada County Superior Court reflects that fines, fees, and restitution totaling $3,300 were imposed on Defendant as follows:

> FINES: $720.00 PENAL FINE; $120.00 COURT SECURITY FEE, $90.00 CRIMINAL CONVICTION FEE, $2,400.00 PAROLE REVOCATION FINE STAYED PURSUANT TO 1202.4 PC. 1202.45 PC, $2,400.00 VICTIM RESTITUTION FUND FINE PURSUANT TO 1202.4 PC.
>
> RESTITUTION IS RESERVED.

(ECF No. 250-1 at 13.) Thus, the Nevada County Superior Court has imposed fines on Defendant totaling $3,300, and there is no evidence that Defendant has paid those fines.

Based on the aforementioned facts, the Court finds that Plaintiff has met its burden of showing that both the Nevada County Sherriff's Office and the Nevada County Superior Court have "a cognizable claim of ownership or right to possession adverse to that of [the defendant]." *See Mills*, 991 F.2d at 612. Moreover, the Court notes that Defendant is awaiting sentencing for his federal conviction and thus may be liable for restitution, resulting in another cognizable claim of ownership in the funds that is adverse to Defendant. As such, what the Court has construed as Defendant's 41(g) motion (ECF No. 248) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: December 9, 2013

Troy L. Nunley
United States District Judge